**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**COURTNEY WHITE,**

                    **Plaintiff,**

**v.**                                                     **Case No: 6:18-cv-2120-CEM-LRH**

**MOVE4ALL, INC., CURTIS D. HERSEY**
**and TAMMY BABBITT,**

                    **Defendants.**
_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT:**

        This cause came on for consideration without oral argument on the following motion filed

herein:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S AMENDED MOTION FOR FINAL DEFAULT JUDGMENT AND ATTORNEYS' FEES AND COSTS (Doc. 45)** |
| **FILED:** | **March 25, 2021** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED IN PART AND DENIED IN PART**.

**I.     PROCEDURAL HISTORY.**

        On December 10, 2018, Courtney White ("Plaintiff") instituted this action against

Move4All, Inc. ("Move4All"), Curtis D. Hersey ("Hersey"), the president, director, and treasurer of

Move4All, and Tammy Babbitt ("Babbitt"), the secretary of Move4All (collectively, the

"Defendants").   (Doc. 1).[1]   In the initial complaint, Plaintiff alleged that Defendants violated the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ( "FLSA") by failing to pay him overtime wages (Count I) and by failing to pay him at least the minimum wage (Count II).   (*Id.* at 7-10).   On December 21, 2018, Plaintiff filed an amended complaint, adding a claim solely against Move4All for unpaid wages under Florida common law (Count III).   (Doc. 6 at 11-12).

Despite being served with process, Defendants did not answer or otherwise respond to the amended complaint.   (Docs. 5, 7-8).   Accordingly, on Plaintiff's motion, Clerk's defaults were entered against Defendants on April 17, 2019.   (Docs. 19-21).   Plaintiff moved for final default judgment against all Defendants on June 21, 2019.   (Doc. 24).

On December 19, 2019, while Plaintiff's motion for final default judgment was pending, counsel for Move4All appeared and filed a Suggestion of Bankruptcy, stating that Move4All filed for Chapter 11 bankruptcy in the United States District Court for the Middle District of Florida. (Doc. 26; *see also* Case No. 6:19-bk-08281).   This Court therefore granted an automatic stay of this action as to Move4All pursuant to 11 U.S.C. § 362(a).   (Doc. 29 at 2-3).   The undersigned proceeded to consider Plaintiff's motion as to Hersey and Babbitt (the "Individual Defendants") but ultimately denied the motion without prejudice because Plaintiff failed to sufficiently allege FLSA coverage.   (*Id.* at 8-9).   Plaintiff subsequently filed a second amended complaint on February 12, 2020, which remains the operative pleading in this case.   (Doc. 30).

On April 2, 2020, the Court stayed the entire case, including all claims against the Individual Defendants, pending the outcome of Move4All's bankruptcy proceedings.   (Doc. 31).   On December 14, 2020, Move4All notified this Court that the claims asserted against it in this action

---

[1] Plaintiff purports to bring the complaint as a collective action on behalf of himself and other similarly situated employees.   (Doc. 1).   However, no other individuals have joined this suit.

were discharged in bankruptcy, and therefore cannot proceed in this Court.   (Doc. 34).   On January 4, 2021, Plaintiff filed a response, in which he stipulated to the dismissal of his claims against Move4All and requested that his claims proceed in this Court against the Individual Defendants. (Doc. 39).   Consequently, on February 9, 2021, the Court dismissed with prejudice all claims against Move4All and directed Plaintiff to move for default judgment against Hersey and Babbitt. (Doc. 41).

On March 25, 2021, Plaintiff filed an Amended Motion for Final Default Judgment and Attorneys' Fees and Costs against the Individual Defendants.   (Doc. 45).   Plaintiff has included with the motion as attachments:

- An Affidavit from Plaintiff in support of his motion for final default judgment (Doc. 45-1);

- An Affidavit of Attorneys' Fees & Costs (Doc. 45-2);

- An Affidavit as to the Reasonableness of Attorneys' Fees (Doc. 45-3); and

- Copies of this Court's Order granting Plaintiff's Motion for Entry of Clerk's Default Against Defendants and the Clerk's entries of default as to Move4All, Hersey, and Babbitt (Doc. 45-4).

The motion was referred to the undersigned for issuance of a Report and Recommendation. The Individual Defendants have not responded to the amended motion for default judgment, and the time for doing so has expired.   *See* Local Rule 3.01(c).[2]   Accordingly, the matter is ripe for consideration.

---

[2] Plaintiff certifies that he served the amended motion for default judgment on the Individual Defendants. (Doc. 45 at 15).   However, service is not required on a party in default for failure to appear.   *See* Fed. R. Civ. P. 5(a)(2).

## II.     STANDARD OF REVIEW.

A court may enter a default judgment only if the factual allegations of the complaint, which are assumed to be true, provide a sufficient legal basis for such entry.  *See Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law.").[3]  Therefore, in considering a motion for default judgment, a court must "examine the sufficiency of plaintiff's allegations to determine whether plaintiff is entitled to" a default judgment.  *Fid. & Deposit Co. of Md. v. Williams*, 699 F. Supp. 897, 899 (N.D. Ga. 1988).

The Supreme Court has explained that a complaint need not contain detailed factual allegations, "but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.  A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  This analysis applies equally to motions for default judgment.  *De Lotta v. Dezenzo's Italian Rest., Inc.*, No. 6:08-cv-2033-Orl-22KRS, 2009 WL 4349806, at *5 (M.D. Fla. Nov. 24, 2009) (citations omitted).

If the plaintiff seeks damages, the plaintiff bears the burden of demonstrating entitlement to recover the amount of damages sought in the motion for default judgment.  *Wallace v. The Kiwi Grp., Inc.*, 247 F.R.D. 679, 681 (M.D. Fla. 2008).   Unlike well-pleaded allegations of fact, allegations relating to the amount of damages are not admitted by virtue of default; rather, the court must determine both the amount and character of damages to be awarded.  *Id*. (citing *Miller v. Paradise of Port Richey, Inc.*, 75 F. Supp. 2d 1342, 1346 (M.D. Fla. 1999)).   Therefore, in the

---

[3] The Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions handed down prior to October 1, 1981.  *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

default judgment context, "[a] court has an obligation to assure that there is a legitimate basis for any damage award it enters." *Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003); *see Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985) (explaining that damages may be awarded on default judgment only if the record adequately reflects a basis for an award of damages). Ordinarily, unless a plaintiff's claim against a defaulting defendant is for a liquidated sum or one capable of mathematical calculation, the law requires the district court to hold an evidentiary hearing to fix the amount of damages. *See Adolph Coors*, 777 F.2d at 1543-44. However, no hearing is needed "when the district court already has a wealth of evidence . . . such that any additional evidence would be truly unnecessary to a fully informed determination of damages." *See S.E.C. v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005); *see also Wallace*, 247 F.R.D. at 681 ("[A] hearing is not necessary if sufficient evidence is submitted to support the request for damages.").

## III.   ALLEGATIONS OF THE COMPLAINT.

The following facts are alleged in Plaintiff's second amended complaint. Move4All is a Florida corporation providing "moving and delivery services to commercial and residential customers." (Doc. 30 ¶ 22). Hersey is the president, director, and treasurer of Move4All, and Babbitt is its secretary. (*Id.* ¶¶ 8-9). At all relevant times, Hersey owned and/or operated Move4All, and Babbit was an officer of the company. (*Id.* ¶¶ 10-11). They both exercised the authority to (1) supervise and control employee work schedules, job duties, and/or conditions of employment; (2) control significant aspects of Move4All's day-to-day operations, including compensation of employees; (3) maintain employment records; and/or (4) hire and/or terminate employees. (*Id.*).

Plaintiff alleges that Move4All is an enterprise engaged in interstate commerce under the FLSA because:

> Defendants had two (2) or more employees regularly or recurrently handling, selling, or otherwise working on goods or materials that had previously been moved in, or produced for, interstate commerce. For instance, Defendants had two (2) or more employees regularly or recurrently handling or working on vehicles, tools, equipment, and/or packing materials for Defendants' commercial purposes that had previously been moved in or produced for interstate commerce; and Defendants also had two (2) or more employees regularly or recurrently loading, transporting, and/or unloading wares, products, merchandise, or materials (belonging to commercial or residential customers) that had been moved in or produced for interstate commerce.

(*Id.* ¶ 24).   Plaintiff further alleges that Move4All's gross revenue exceeds $500,000.00 per year.

(*Id.* ¶ 25).   Plaintiff also contends that he is an individual covered by the FLSA because he engaged in interstate commerce at his employers' direction or otherwise on their behalf, namely by "load[ing] goods or materials for interstate transportation, unload[ing] goods or materials at the conclusion of their interstate transportation, or otherwise perform[ing] activities closely related to interstate commerce, such as handling records of interstate transactions." (*Id.* ¶ 19-20).

Move4All and the Individual Defendants employed Plaintiff from approximately June 2018 to September 2018.   (*Id.* ¶ 28).   Plaintiff's work involved loading and unloading goods or materials for interstate transportation and handling records of interstate transactions.   (*Id.* at ¶ 20).   Plaintiff was compensated on an hourly basis for his work, but the Individual Defendants did not maintain accurate and complete time records of his hours.   (*Id.* ¶¶ 29, 32).   Plaintiff alleges that the Individual Defendants failed to pay him at least the minimum wage for certain hours he worked at their direction, and also failed to pay him overtime wages for hours he worked in excess of forty (40) per workweek.   (*Id.* ¶¶ 30-31).

Plaintiff alleges two claims against the Individual Defendants in his second amended complaint, both of which he asserts under the FLSA:   a claim for unpaid overtime wages (Count I),

and a claim for unpaid minimum wages (Count II).  *See* Doc. 30 ¶¶ 36-47.  Plaintiff seeks judgment for an amount equal to his unpaid overtime and minimum wages, an equal amount in liquidated damages, a declaratory judgment stating that the practices complained of violate the FLSA, pre-judgment interest (to the extent liquidated damages are not awarded), all reasonable costs and attorneys' fees, post-judgment interest, and "any additional relief as the Court deems just and proper."  (*Id.* at 6-8).

## IV.   ANALYSIS.

### A.   Service of Process.

Plaintiff filed a return of service in which the process server averred that she served Defendant Hersey by individual personal service in Orlando, Florida.  (Doc. 7).  Accordingly, service as to Hersey was proper.  Fed. R. Civ. P. 4(e)(2)(A).  As to Defendant Babbitt, Plaintiff filed a return of service in which the process server averred that she served Babbitt at her residence by delivering a copy of the summons and complaint to Hersey, who is Babbitt's spouse and who resides in her usual place of abode.  (Doc. 8).  Therefore, service as to Babbitt was also proper.  Fed. R. Civ. P. 4(e)(2)(B).  The Individual Defendants have not appeared in this matter or otherwise timely filed a response to the Complaint.  Thus, the undersigned finds that the Clerk properly entered default against the Individual Defendants.

### B.   Liability on FLSA Overtime and Minimum Wage Claims (Counts I and II).

The FLSA requires covered employers to pay workers a minimum wage and to provide overtime pay where workers exceed forty hours of work in a workweek.  *Polycarpe v. E&S Landscaping Serv., Inc.*, 616 F.3d 1217, 1220 (11th Cir. 2010) (citing 29 U.S.C. §§ 206(a), 207(a)).  While the federal minimum wage is set by statute, the overtime compensation is calculated as "at least one and a half times [the employee's] regular wage for every hour worked in excess of forty

per week." *Bailey v. TitleMax of Ga., Inc.*, 776 F.3d 797, 800 (11th Cir. 2015) (citing § 207(a)(1)). A plaintiff seeking relief for unpaid wages under the FLSA must demonstrate the following: (1) the defendant employed the plaintiff; (2) the plaintiff engaged in interstate commerce, or the defendant is an enterprise engaged in interstate commerce; and (3) the defendant failed to pay the plaintiff a minimum wage or overtime compensation. *Thompson v. Healthy Home Env't., LLC*, No. 8:15-cv-2905-T-27JSS, 2016 WL 4472991, at *2 (M.D. Fla. July 27, 2016) (citing *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1277 n.68 (11th Cir. 2008)), *report and recommendation adopted*, 2016 WL 4473162 (M.D. Fla. Aug. 23, 2016).   As explained below, Plaintiff alleges facts sufficient to satisfy each element.

### 1. Employment.

As defined by the FLSA, an "employee" is "any individual employed by an employer." 29 U.S.C. § 203(e)(1).   The statutory definition of "employer" encompasses both the employer for whom the employee directly works, as well as "any person acting directly or indirectly in the interest of an employer in relation to an employee." *Id*. § 203(d).   Because Plaintiff seeks judgment against the Individual Defendants in their individual capacities for alleged violations of the FLSA, the undersigned must consider whether they meet the statutory definition of employers.

To determine whether an individual is an "employer" for purposes of the FLSA, courts assess the "economic reality of the relationship" between the employee and the alleged employer. *Villarreal v. Woodham*, 113 F.3d 202, 205 (11th Cir. 1997).   Courts employing the "economic reality" test must consider whether the putative employer: 1) had the power to hire and fire the employees; 2) supervised and controlled employee work schedules or conditions of employment; 3) determined the rate and method of payment; and 4) maintained employment records. *Id.*   The overarching consideration in assessing personal liability against individuals under the FLSA (*i.e.* in

assessing whether an individual is an "employer" for purposes of the statute) is whether the individuals are "involved in the day-to-day operation or have some direct responsibility for the supervision of the employee."  *Patel v. Wargo*, 803 F.2d 632, 638 (11th Cir. 1986).

The allegations of the complaint are sufficient to demonstrate that Plaintiff was an employee of the Individual Defendants within the meaning of the FLSA.   Plaintiff alleges that the Individual Defendants employed him from approximately June 2018 to September 2018.   (Doc. 30 ¶ 28). Plaintiff's work for the Individual Defendants involved loading and unloading goods or materials for interstate transportation and handling records of interstate transactions.   (*Id.* ¶ 20).   The Individual Defendants compensated him on an hourly basis for this work.   (*Id.*).

Moreover, Plaintiff alleges that the Individual Defendants both had the authority to "supervise and control employee work schedules, job duties, and/or conditions of employment; control significant aspects of Move4All's day-to-day operations, including compensation of employees; maintain employment records; and/or hire and/or terminate employees."   (*Id.* ¶ 10-11). Accepting these allegations as true, Plaintiff has sufficiently demonstrated that he was employed by the Individual Defendants for purposes of the FLSA.

> 2.   *Coverage.*

An employee seeking relief for unpaid wages under the FLSA must demonstrate that he or she is covered by the statute.  *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1298 (11th Cir. 2011).   An employee may establish coverage by demonstrating: (1) that he or she was engaged in commerce or in the production of goods for commerce (*i.e.*, individual coverage); or (2) that the employer was engaged in commerce or in the production of goods for commerce (*i.e.*, enterprise coverage).   29 U.S.C. § 207(a)(1); *Josendis*, 662 F.3d at 1298-99.

For an employee to demonstrate that he or she was "engaged in commerce" for purposes of individual coverage, he or she must:

> be directly participating in the actual movement of persons or things in interstate commerce by (i) working for an instrumentality of interstate commerce, *e.g.*, transportation or communication industry employees, or (ii) by regularly using the instrumentalities of interstate commerce in his work, *e.g.*, regular and recurrent use of interstate telephone, telegraph, mails, or travel.

*Thorne v. All Restoration Servs., Inc.*, 448 F.3d 1264, 1266 (11th Cir. 2006) (citing 29 C.F.R. §§ 776.23(d)(2), 776.24).

To demonstrate enterprise coverage, the employee must show that:

> (1) the employer has two or more employees regularly and recurrently engaged in commerce, or has two or more employees regularly and recurrently 'handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and

> (2) the employer's annual gross volume of sales is $500,000 or more.

*De Lotta*, 2009 WL 4349806, at *2 (citations omitted); *see* 29 U.S.C. § 203(s)(1).   Importantly, district courts "cannot presume for enterprise coverage either that the employer was involved in interstate commerce or that the employer grosses over $500,000 annually."   *De Lotta*, 2009 WL 4349806, at *2 (citing *Sandoval v. Fla. Paradise Lawn Maint., Inc.*, 303 F. App'x 802, 805 (11th Cir. 2008) (emphasis in original) ("[I]t is clear from the language of the statute that, for enterprise coverage under the FLSA to apply, the enterprise must be engaged in commerce under the statute *and* must gross over $500,000 annually.")).

Plaintiff alleges that his work duties involved loading goods or materials for interstate transportation, unloading goods or materials at the conclusion of their interstate transportation, and handling records of interstate transactions.   I find that this allegation is sufficient to demonstrate individual coverage under the FLSA.   *See, e.g.*, *Thorne*, 448 F.3d at 1266 (identifying "regular and recurrent use of interstate telephone, telegraph, mails, or travel" as sufficient to establish individual

coverage under the FLSA); *Ghess v. Kaid*, No. 2:19-CV-00021KGB, 2020 WL 7010383, at *7 (E.D. Ark. Nov. 27, 2020) (finding individual coverage for local janitorial employees who are "'regularly and recurringly engaged in such activities as ordering or receiving goods from outside the state, handling or otherwise producing goods for shipment to other states, *keeping records relative to interstate transactions*, or using the telephone or the mails for interstate communication'") (emphasis added) (quoting U.S. Dep't of Labor, Field Operations Handbook, Chapter 11, 11r01, *available at* https://www.dol.gov/agencies/whd/field-operations-handbook/Chapter-11#B11c00). *See also* U.S. Dep't of Labor, Field Operations Handbook, Chapter 11, 11t09(c), available at https://www.dol.gov/agencies/whd/field-operations-handbook/Chapter-11#B11c00 ("The loading of goods onto a conveyance for transportation in interstate commerce constitutes engagement in interstate commerce, and unloading and reloading at any point in the interstate journey is of the same character. Similarly, the unloading of goods at the end of their transportation in interstate commerce is engagement in interstate commerce.").[4]

Plaintiff also alleges that:

Defendants had two (2) or more employees regularly or recurrently handling, selling, or otherwise working on goods or materials that had previously been moved, in or produced for, interstate commerce. For instance, Defendants had two (2) or more employees regularly or recurrently handling or working on vehicles, tools, equipment, and/or packing materials for Defendants' commercial purposes that had previously been moved in or produced for interstate commerce; and Defendants also had two (2) or more employees regularly or recurrently loading, transporting, and/or unloading wares, products, merchandise, or materials (belonging to commercial or residential customers) that had been moved in or produced for interstate commerce.

---

[4] The Supreme Court has held that agency interpretations, such as those in agency manuals and enforcement guidelines, "do not warrant *Chevron*-style deference" but are nonetheless "entitled to respect" under *Skidmore v. Swift & Co.*, 323 U.S. 134 (1944), to the extent that they are persuasive. *Christensen v. Harris Cty.*, 529 U.S. 576, 587 (2000) (internal quotations and citations omitted).

(Doc. 30 ¶ 24).   Plaintiff further alleges that Move4All grosses over $500,000.00 per year.   (*Id.* at

¶ 25).   Accordingly, Plaintiff has also sufficiently alleged enterprise coverage under the FLSA.

*See Polycarpe*, 616 F.3d at 1220; *Sims v. UNATION, LLC*, 292 F. Supp. 3d 1286, 1292 (M.D. Fla.

2018) (citations omitted) ("A plaintiff 'need not do much' to plead individual or enterprise coverage,

but must, at least, 'allege specific facts concerning the nature of plaintiff's work and whether the

work involved a connection to interstate commerce.'").   *Cf.*, *Vignoli v. Clifton Apartments, Inc.*,

930 F. Supp. 2d 1342, 1346 (S.D. Fla. 2013) (alterations omitted) (finding enterprise coverage where

plaintiffs alleged that "Defendants obtain and solicit funds from non-Florida sources, accept funds

from non-Florida sources, use internet and telephonic transmissions going over state lines to do their

business, transmit funds outside the State of Florida, and otherwise engage in interstate commerce,

particularly with respect to their employees.").[5]

Therefore, accepting Plaintiff's allegations as true, and absent any objection from the

Individual Defendants, I recommend the Court find that Plaintiff has sufficiently alleged both

individual and enterprise coverage under the FLSA.

### 3.   Failure to Pay Overtime and Minimum Wage.

Plaintiff alleges that the Individual Defendants directed or permitted him to regularly work

in excess of forty (40) hours within a workweek but failed to pay him the overtime premium for

those hours.   (Doc. 30 ¶ 31).   He further alleges that the Individual Defendants directed or

---

[5] Although the claims asserted by Plaintiff against Move4All were discharged in bankruptcy, leading to the corporation's ultimate dismissal from this action, the Individual Defendants remain independently liable for violations of the FLSA, and the allegations of enterprise and individual coverage apply equally to them.   *See Boucher v. Shaw*, 572 F.3d 1087, 1093–94 (9th Cir. 2009); *see also Donovan v. Agnew,* 712 F.2d 1509, 1511, 1514 (1st Cir.1983) (finding the managers of a corporation that filed for bankruptcy personally liable under the FLSA and noting that, "[t]he overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages.").

permitted him to work regular hours but failed to pay him at least the statutory minimum wage for those hours. (*Id.* ¶ 30).   Accepting these allegations as true, Plaintiff has sufficiently demonstrated that the Individual Defendants failed to pay him overtime and minimum wages due under the FLSA. Accordingly, I recommend that the Court find that Plaintiff has established entitlement to default judgment as to the Individual Defendants' liability for Plaintiff's FLSA overtime and minimum wage claims (Counts I and II).

      C.    <u>Damages on FLSA Claims</u>.

Although well-pleaded allegations of liability are deemed admitted against a defendant in default, "allegations related to damages are not deemed admitted and the Court must determine the amount and character of damages to be awarded."   *Glanzrock v. Patriot Roofing Indus., Inc.*, No. 8:07-CV-535-T-33MAP, 2009 WL 179634, at *2 (M.D. Fla. Jan. 26, 2009) (citing *Miller, Inc.*, 75 F. Supp. 2d at 1346).   "[D]amages may be awarded to a non-defaulting party as part of the default judgment **only** where 'the record adequately reflects the basis for the award.'"   *United States ex rel. Chabot v. D&G Disc. Homes, LLC*, No. 6:06-cv-1536-Orl-35KRS, 2011 WL 13202177, at *2 (M.D. Fla. June 16, 2011) (quoting *Adolph Coors*, 777 F.2d at 1544) (emphasis in original).

      *1.    Unpaid Overtime and Minimum Wages.*

Pursuant to the FLSA, an employer who violates the minimum wage or overtime provisions shall be liable to the employee affected in the amount of the employee's unpaid minimum wages and an additional equal amount as liquidated damages.   29 U.S.C. § 216(b).   When, as here, the employer allegedly failed to keep adequate time records (Doc. 30 ¶ 32), the plaintiff carries the burden of proving that he "performed work for which he was improperly compensated" and producing "evidence to show the amount and extent of that work as a matter of just and reasonable inference."   *Lamonica v. Safe Hurricane Shutters, Inc.*, 711 F.3d 1299, 1315 (11th Cir. 2013)

(quoting *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687-88 (1946)).   Such evidence may take the form of an affidavit by the plaintiff.   *Swisher v. Finishing Line, Inc.*, No. 6:07-cv-1542-Orl-28UAM, 2008 WL 4330318, at *2 (M.D. Fla. Sept. 22, 2008) (citing Fed. R. Civ. P. 55(b)); *see Adolph Coors*, 777 F.2d at 1544 (citing *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979)).

Plaintiff has submitted an affidavit in support of his requested damages, in which he avers that he worked for Defendants from approximately August 5, 2018 through September 29, 2018. (Doc. 45-1 ¶ 4).   He was a non-exempt employee who was paid at a rate of $13 per hour during his first three weeks of employment and $17 per hour for the remaining term of his employment.   (*Id.* ¶ 6-8).[6]   For some weeks, Plaintiff was not provided any compensation whatsoever, while in others, the Individual Defendants partially paid him.   (*Id.* ¶ 11).   Specifically, Plaintiff avers that he is entitled to the following amounts of unpaid minimum wage and overtime wages:

1) $754.00 for fifty-two (52) hours of work he performed during his first week of employment (Plaintiff did not receive any compensation for this week);

2) $293.70 for fifty-six (56) hours of work he performed during his second week of employment (Plaintiff was paid $583.30 in week two);

3) $724.56 for forty-five (45) hours of work he performed during his fourth week of employment (Plaintiff was paid $82.94 in week four);

4) $184.88 for twenty-five and a half (25.5) hours of work he performed during his sixth week of employment (Plaintiff was not compensated at all in week six); and

---

[6] In his affidavit, Plaintiff states that Defendants misclassified him as an independent contractor.   (Doc. 45-1 ¶ 7-8).   However, Plaintiff avers that he was not in business for himself, did not have any employees of his own, did not own or operate his own business, and did not have any office, business address, or business assets of his own.   He further avers that he was economically dependent on Defendants in that he did not have the opportunity for profit or loss based on his own independent judgment.   (*Id.*).   Because Defendants have not appeared in this action or responded to the motion for default, Plaintiff's averments are undisputed and taken as true.

5) $928.63 for forty-nine and three quarters (49.75) hours of work he performed during his eighth week of employment (Plaintiff was not compensated at all in week eight).

(Doc. 45-1 ¶ 11-12).[7]

It appears from Plaintiff's affidavit that he is using his regular rate of pay (either $13 or $17 per hour) to support his calculations for *both* unpaid FLSA minimum and overtime wages.   (*Id.*, n. 1-5).   Although overtime wages are calculated "at a rate not less than one and one-half times the regular rate at which [the employee] is employed," *see* 29 U.S.C. § 207(a)(1), Plaintiff provides no legal authority to support his use of the regular rate of pay as opposed to the statutory minimum wage of $7.25 per hour for his minimum wage claim.   *See id*.   And the applicable legal authority goes against Plaintiff's calculations.   *See Wallace*, 247 F.R.D. at 683 ("[T]he FLSA only requires that an employee receive compensation at the minimum statutory rate."); 29 U.S.C. § 206(a)(1) (setting the statutory minimum wage at $7.25 per hour).[8]

Although Plaintiff utilized the incorrect rate of pay for his minimum wage claim, this is not fatal to his motion for default judgment, as the damages are still capable of mathematical calculation based on the evidence submitted.   *See Adolph Coors*, 777 F.2d at 1543-44; *Wallace*, 247 F.R.D. at 681.   I have therefore calculated the total of Plaintiff's damages using the legally correct rates of pay as follows:

1) <u>Week one</u>: Plaintiff avers that he was not paid any wages for the fifty-two (52) hours he worked during his first week of employment.   (Doc. 45-1, at 4 ¶11).   This equates to forty (40) hours of work, at the federal minimum wage of $7.25, for a total of $290.00 in unpaid

---

[7] Plaintiff claims that paychecks owed to him by the Individual Defendants for weeks one (1), six (6), and eight (8) of his employment were either void for insufficient funds or not issued at all.   (*Id.* ¶ 18).

[8] Plaintiff only brings claims against the Individual Defendants under the FLSA; he does not seek damages for breach of contract or violations of any state law.

minimum wages.   The additional twelve (12) hours of overtime hours are paid at the rate of $19.50 per hour (regular rate of pay of $13.00 times 1.5), for a total of an additional $234.00 in unpaid overtime.   Therefore, Plaintiff's unpaid wages for week one equate to a total of **$524.00** ($290.00 in minimum wages plus $234.00 in overtime).

2) <u>Week two</u>: Plaintiff avers that he was only paid $583.30 for the fifty-six (56) hours he worked during his second week of employment.   (*Id.*).   Forty (40) hours of regular hours worked multiplied by $7.25 equals $290.00.   Sixteen (16) hours of overtime hours worked multiplied by $19.50 (regular rate of pay of $13.00 times 1.5) equals $312.00.   Accordingly, Plaintiff was entitled to receive under the FLSA $602.00 in wages for week two ($290.00 in unpaid minimum wages plus $312.00 in unpaid overtime wages).   Because Plaintiff was already paid $583.30, he is only owed the unpaid difference of **$18.70** for week two.

3) <u>Week four</u>: Plaintiff avers that he was only paid $82.94 for the forty-five (45) hours he worked during his fourth week of employment.   (*Id.*).   Forty (40) hours of regular hours worked multiplied by $7.25 equals $290.00.   Five (5) hours of overtime hours worked multiplied by the overtime rate of $25.50 (regular rate of pay of $17.00 times 1.5) equals $127.50.   Accordingly, Plaintiff was entitled to receive $417.50 in wages for week four ($290.00 in unpaid minimum wages plus $127.50 in unpaid overtime wages).   Therefore, Plaintiff's unpaid wages for week four are equal to $417.50 minus $82.94, for a total of **$334.56**.

4) <u>Week six</u>: Plaintiff avers that he was not paid any wages for the twenty-five and a half (25.5) hours he worked during his sixth week of employment.   (*Id.*, at 5 ¶12).   Twenty-five and a half (25.5) hours of regular hours worked multiplied by $7.25 equals $184.88.   Therefore, Plaintiff's unpaid wages for week six total **$184.88**.

5) <u>Week eight</u>: Plaintiff avers that he was not paid any wages for the forty-nine and three quarters (49.75) hours he worked during his eighth week of employment.  (*Id.*, at 5 ¶11).  Forty (40) hours of regular hours worked multiplied by $7.25 equals $290.00.   Nine and three quarters (9.75) hours of overtime hours worked multiplied by $25.50 ($17.00 regular rate of pay multiplied by 1.5) equals $248.63.   Therefore, Plaintiff's unpaid wages for week eight are equal to $290 plus $248.63 for a total of **$538.63**.

Based on these recalculations, I recommend the Court find that Plaintiff has adequately established his entitlement to a default judgment in the amount of **$1,600.77** on his overtime and minimum wage damages claims under the FLSA (Counts I and II).

> 2.    *Liquidated Damages.*

An employee who prevails under the FLSA is entitled to recover liquidated damages "unless the employer makes an affirmative showing that it acted in good faith."  *Moore v. K&G Transp., Inc.*, No. 6:17-cv-1151-Orl-31DCI, 2017 WL 6762441, at *4 (M.D. Fla. Dec. 12, 2017), *report and recommendation adopted*, 2018 WL 264498 (M.D. Fla. Jan. 2, 2018) (citing *Ojeda–Sanchez v. Bland Farms, LLC*, 499 F. App'x 897, 902 (11th Cir. 2012)).   *See also Glanzrock*, 2009 WL 179634, at *2 ("[U]nder FLSA Section 216(b), an employee is entitled to liquidated damages in an amount equal to the unpaid wages." (citing *Glenn v. Gen. Motors Corp.*, 841 F.2d 1567, 1573 (11th Cir. 1988)).   Here, by failing to answer the complaint, the Individual Defendants have not made an affirmative showing that they acted in good faith, and Plaintiff's allegations that they acted willfully in failing to pay his wages are deemed admitted.   Accordingly, I recommend the Court award Plaintiff liquidated damages in an equal amount to his damages for his unpaid overtime and minimum wage claims:  **$1,600.77**.

D.    Pre- and Post-Judgment Interest.

Plaintiff also seeks "all applicable pre-judgment and post-judgment interest."   (Doc. 45, at 4 ¶19).   With regard to pre-judgment interest, "[p]laintiffs may not recover both liquidated damages and prejudgment interest under the FLSA."   *Joiner v. City of Macon*, 814 F.2d 1537, 1539 (11th Cir. 1987); *see also Lindsey v. Am. Cast Iron Pipe Co.*, 810 F.2d 1094, 1101 (11th Cir. 1987) (citations omitted) ("In this circuit a plaintiff may not recover prejudgment interest in a private FLSA action.").   Accordingly, I respectfully recommend that Plaintiff's request for pre-judgment interest be denied.

However, an award of post-judgment interest is appropriate.   *See* 28 U.S.C. § 1961(a) (" Interest shall be allowed on any money judgment in a civil case recovered in a district court."); *see also Parker v. Green Mountain Specialties Corp.*, No. 6:19-cv-1571-Orl-37GJK, 2020 WL 1957573, at *5 (M.D. Fla. Apr. 7, 2020), *report and recommendation adopted*, 2020 WL 1955340 (M.D. Fla. Apr. 23, 2020).   Therefore, I respectfully recommend that the Court grant Plaintiff's request for post-judgment interest.

E.    Attorneys' Fees and Costs.

1.    *Attorneys' Fees.*

The FLSA authorizes an award of attorneys' fees and costs to plaintiffs who prevail on a claim to enforce the provisions of the FLSA.   *Glanzrock*, 2009 WL 179634, at *2 (citing 29 U.S.C. § 216(b)).   In awarding attorneys' fees, courts "must ensure that the fee is 'reasonable.'" *Richo v. Williams*, No. 3:15-CV-0474-HES-MCR, 2016 WL 9488724, at *1 (M.D. Fla. July 20, 2016). "The 'case law construing what is a 'reasonable' fee applies uniformly to all' federal fee-shifting statutes." *Id.* (quoting *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992)).   The Supreme Court has set forth the "lodestar" method for determining the reasonableness of a fee. *Id.* (citing *City*

*of Burlington*, 505 U.S. at 562).   The lodestar figure "is fashioned by 'multiply[ing] the number of hours reasonably expended by a reasonable hourly rate.'" *Id.* (quoting *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994)).   Under this approach, a reasonable hourly rate is "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Id.* (quoting *Loranger*, 10 F.3d at 781).   A party seeking an award of attorneys' fees "must produce 'satisfactory evidence that the requested rate is in line with prevailing market rates,' and this requires more than the affidavit of the party's counsel." *Id.* (quoting *Loranger*, 10 F.3d at 781).

A court assessing a request for attorneys' fees must then determine the number of hours counsel reasonably expended in the action.   *Id.*, at *2.   Importantly, counsel for the prevailing party "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).

Here, Plaintiff requests an award of attorneys' fees in the amount of $8,996.80.   (Doc. 45-2 ¶ 2).   However, Plaintiff has not, at this time, properly supported his request.   Rather, he has submitted a barebones, self-serving affidavit of his own attorney, which is devoid of any breakdown or explanation of the fees he seeks.   *See* Doc. 45-2.   Plaintiff has also submitted an affidavit of another attorney to support the reasonableness of his requested fee.   (Doc. 45-3).   However, this affidavit makes references to exhibits that were not attached.   *See id.*   Plaintiff has not provided any further evidence, such as billing records, to establish the reasonableness of the requested fees. Therefore, I recommend that the Court deny without prejudice Plaintiff's request for attorneys' fees, but permit Plaintiff to file a renewed, properly supported motion, within a time frame established by the Court.   *See also* Local Rule 7.01.

2. *Costs*.

The FLSA mandates that in any action brought by an employee to enforce Sections 206 or 207 of the Act, the Court shall "in addition to any judgment awarded to the plaintiff or plaintiffs, allow . . . costs of the action."  29 U.S.C. § 216(b).  In FLSA cases, courts may award those costs permitted by 28 U.S.C. § 1920.

Counsel for Plaintiff avers that he incurred costs related to this action.  (Doc. 45-2 at 2). However, the affidavit submitted by Plaintiff fails to detail what costs he incurred; it merely states that "Plaintiff has incurred… costs in the amount of $687.48" without explanation.  (*Id.*).  Because Plaintiff's request for costs is not properly supported, I recommend that the Court deny it without prejudice, but permit Plaintiff to file a renewed, properly supported request for costs, within a time frame established by the Court.  *See also* Fed. R. Civ. P. 54(d).

## V.    RECOMMENDATION.

For the reasons set forth above, I **RESPECTFULLY RECOMMEND** that the Court **GRANT in part and DENY in part** Plaintiff's Amended Motion for Final Default Judgment and Attorneys' Fees and Costs (Doc. 45) as follows:

1. **ENTER** judgment in favor of Plaintiff and against the Individual Defendants in the total amount of $3,201.54, allocated as $1,600.77 in unpaid minimum and overtime wages and $1,600.77 in liquidated damages.

2. **AWARD** post-judgment interest at the rate prescribed by law.

3. **DENY WITHOUT PREJUDICE** Plaintiff's requests for attorneys' fees and costs, and grant him leave to refile a motion for the same that is properly supported by evidence and legal authority and complies with the procedures set forth in Local Rule 7.01.

4. **DENY** Plaintiff's motion in all other respects.[9]

## <u>NOTICE TO PARTIES</u>

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on June 23, 2021.

LESLIE R. HOFFMAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Parties

---

[9] In his second amended complaint, Plaintiff seeks a "declaratory judgment stating that the practices complained of herein are unlawful under the FLSA." (Doc. 30 at 7). However, because Plaintiff does not address his request for a declaratory judgment anywhere in his motion for default judgment, I recommend the Court deem this request waived and deny the same.